UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>RODNEY MALVEAUX,<br><br>                Defendant. | CR 97-948 RSWL<br><br>**ORDER RE: Defendant's Motion for Reimbursement of Overpayment of Restitution [116]** |

    Currently before the Court is Defendant Rodney Malveaux's ("Malveaux") Motion for Reimbursement of Overpayment of Restitution [116]. Having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, the Court **NOW FINDS AND RULES AS FOLLOWS**:

    The Court hereby **DENIES** Malveaux's Motion for Reimbursement of Overpayment of Restitution.

### I. Background

    On March 25, 1998, a jury found Malveaux guilty of bank robbery in violation of 18 U.S.C. § 2113(a) [40].

On October 19, 1998, the Court entered judgment and ordered Malveaux to serve a 175-month prison sentence and pay $4,950 in restitution [62]. The Court ordered partial restitution because of Malveaux's economic circumstances.

## II.  Analysis

Malveaux contends that he should not have been required to pay interest on his restitution order and requests reimbursement of $2,160.94. Malveaux essentially argues that because the version of the Mandatory Victim Restitution Act ("MVRA") in effect at the time of his offense did not apply to restitution orders, he should not have been required to pay interest on his restitution order. Traverse 1:15-21. Because there is no indication in the Judgment and Commitment Order that the restitution order included prejudgment interest, the Court must assume that Malveaux is requesting reimbursement for postjudgment interest on his restitution order. See Dkt. #62.

The Court finds that while Malveaux is correct in arguing that the version of the MVRA in effect at the time of his offense did not impose interest on restitution payments, another statute, the Victim and Witness Protection Act of 1982 ("VWPA"), did impose such interest.

The version of the VWPA in effect as of the date of Malveaux's offense, April 10, 1996, provided that "when sentencing a defendant convicted of an offense under

this title," a court could order "that the defendant make restitution to any victim of such offense." 18 U.S.C.A. § 3663 (West 1994). As Malveaux was convicted of bank robbery in violation of 18 U.S.C. § 2113(a), the VWPA applied to his offense [40]. The VWPA further provided that an order of restitution could be enforced "in the manner provided for the collection and payment of fines" under 18 U.S.C. §§ 3611-3615. 18 U.S.C.A. § 3663 (West 1994). Under the version of 18 U.S.C. § 3612(f) in effect at the time of Malveaux's offense, defendants were required to pay interest on any fines greater than $2,500. 18 U.S.C.A. 3612(f) (West 1990). Accordingly, interest would apply to Malveaux's restitution order.

    Furthermore, courts have consistently held that both prejudgment and postjudgment interest apply to VWPA restitution orders. See Government of Virgin Islands v. Davis, 43 F.3d 41, 47 (3d Cir. 1994) (holding that district court's inclusion of prejudgment interest in restitution order under VWPA was appropriate); United States v. Kreiss, 944 F.2d 155, 160 (3d Cir. 1991) (holding that postjudgment interest on restitution order was implicitly authorized by the VWPA); United States v. Smith, 944 F.2d 618, 626 (9th Cir. 1991); United States v. Rochester, 898 F.2d 971, 983 (5th Cir. 1990) (holding that although the VWPA was silent on the issue of interest, "both pre- and postjudgment interest may be awarded under the VWPA").

For example, in <u>Kreiss</u>, the Third Circuit held that postjudgment interest applied to restitution orders imposed under the VWPA, even though the VWPA was "silent on the issue of interest." <u>Kreiss</u>, 944 F.2d at 160. In that case, the defendant was convicted for his role in a scheme to defraud the United States Department of Defense in 1989. <u>Id.</u> at 157. The defendant appealed, arguing that postjudgment interest on restitution payments could not be assessed under the VWPA. <u>Id.</u> at 159. The court rejected this argument, noting that under <u>Rodgers v. United States</u>, 332 U.S. 371, 373 (1947), although the VWPA was silent on the issue, interest could be awarded "if it would serve the purpose behind the statute at issue." <u>Id.</u> The court then reasoned that because the "purpose of the VWPA restitution provisions is to compensate victims for their losses . . . [a]dding interest to the principal furthers that purpose." <u>Id.</u> Accordingly, the court found that "requiring a defendant to pay interest on restitution due its victim is entirely consistent with the congressional purpose behind the VWPA and comports with the equitable principles surrounding the compensation of victims." <u>Id.</u> As such, the court found that postjudgment interest applied to restitution orders under the VWPA. <u>Id.</u> at 160.

Similar to the defendant in <u>Kreiss</u>, Malveaux was convicted of an offense under Title 18 and was ordered to pay restitution to the victim of his offense under

4

the VWPA. Because the purpose of the VWPA was to compensate victims for their losses, the Court finds that postjudgment interest is appropriate on Malveaux's restitution order.

### III.  Conclusion

For the reasons stated above, the Court **DENIES** Malveaux's Motion for Reimbursement of Overpayment of Restitution.

**IT IS SO ORDERED.**

DATED: October 10, 2013

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

5